DOUCET, Judge.
The defendant-relator, United States Automobile Association, seeks supervisory writs from an order of the Ninth Judicial District Court, denying relator’s motion requesting to return a $250.00 cash advance deposit previously paid under protest in accordance with Local Rule XIII(D) of the Ninth Judicial District Court.
The defendant-relator had previously filed a writ application concerning the validity of Rule XIII(D) of the Ninth Judicial District Court.
The aforementioned writ was granted and made peremptory by this court on May 19, 1982, with the following language, to-wit:
“LSA-R.S. 13:3050 as amended by Act 805 of 1981 sets forth the requirements for jury trial relative to costs, etc. Rule XIII(D) of the Ninth Judicial District Court, insofar as it requires prior payment of a charge of $250.00 which is non-refundable and non-assessable as costs of court, is in conflict with the aforementioned statute and is therefore invalid.”
Counsel for defendant-relator prepared and filed a motion for order returning $250.00 from Criminal Court Fund, filed same with the Clerk of the Ninth Judicial District Court and presented the same to the duty order signing Judge, on May 20, 1982. Counsel for defendant-relator was informed that the Judges of the Ninth Judicial District Court were to meet on Friday, May 21, 1982, for their regular conference and the matter would be discussed at that time and a decision made of whether to sign the order or refuse to sign the order. Between the filing of the writ bearing Number 82-195 and the granting of the writ, Rule XIII(D) of the Ninth Judicial District Court was amended on April 16, 1982.
The change in the rule was in the third sentence. At the time Writ Number 82-195 was filed, the third sentence read: “This charge is non-refundable and will not be assessed as cost of court.” After the amendment, the wording is: “This charge is non-refundable but will be assessed as cost of court.” The remainder of Rule XIII(D) is unchanged.
Counsel for defendant-relator was informed by thé duty order signing judge that the Judges of the Ninth Judicial District Court were going to continue to enforce local Rule XIII(D) as most recently amended on April 16, 1982, and the order requesting a refund of the $250.00 previously paid under protest would be refused despite the granting of the writ in Number 82-195 and the making of that writ peremptory and the language of this Honorable Court that local Rule XIII(D) was invalid insofar as it was in conflict with LSA-R.S. 13:3050.
The order requesting the refund of the $250.00 previously paid under protest bears the notation: “Cannot grant refund Rule XIII(D) Jules L. Davidson, Jr., Dist. Judge.”
It is from this order of the trial court from which the defendant-relator seeks this court’s supervisory relief.
This court has already determined the illegality of Local Rule XIII(D) in Writ No. 82-195, Briggs v. United Services Automobile Association. The Ninth Judicial District Court Local Rule XIII(D) is ex post facto legislation, therefore relator’s right to a jury trial is to be determined on the date of the original request, at which time no such valid requirement of a $250.00 charge existed. Therefore the $250.00 charge collected by the Ninth Judicial District Court should be returned as no such valid requirement of this type of charge existed at the time of relator’s request for a jury trial. Relator’s request for a jury trial is controlled by LSA-R.S. 13:3050.
It should be further noted that the issue of this writ is not different in any substantial way from the original writ granted and made peremptory on May 19, 1982, by this court. The only change in Local Rule *379 XIII(D) was to make the charge a cost of court. Despite this change the charge remains in direct conflict with Writ No. 82-195 Briggs v. United Services Automobile Association, in which we affirmed that a cash charge may not be required because it was in direct contravention of LSA-R.S. 13:3050.
Subsequent to the filing of the Briggs Writ No. 82-275, five additional writ applications were made challenging the validity of Local Rule XIII(D) as amended on April 16, 1982:
(1) Writ # 82-278 — Allen v. Lumber-mans Mutual Casualty Company, 416 So.2d 380;
(2) Writ # 82-298 — Durison v. Preferred Risk Mutual Insurance Company, 416 So.2d 380;
(3) Writ # 82-299 — Epps v. Louisiana Joint Underwriters of Audubon Insurance, 416 So.2d 381;
(4) Writ # 82-317 — Smith v. Great Atlantic & Pacific Tea Company, Inc., 416 So.2d 381;
(5) Writ # 82-331 — Singleton v. Warren Pickett, et al., 416 So.2d 382.
The same error was alleged in the above listed writs as was alleged in the Briggs Writ No. 275. The legal principles involved are the same. Therefore, they are disposed of similarly.
The Judges of the Ninth Judicial District Court filed an opposition to the Briggs writ application and the above listed writ applications on June 11, 1982. The essence of the opposition is that the revenues are needed. The authority cited for the enactment of Rule XIII(D) is LSA-C.C.P. Arts. 191 and 193. LSA-C.C.P. Art. 193 which allows a court to adopt rules for the conduct of judicial business before it, including governing matters of practice and procedure which are not contrary to the rules provided by law. However, LSA-R.S. 13:3050 provides in clear and unequivocable terms: “The party requesting trial by jury may not be compelled to post a cash bond prior to trial.” It is clear that the charge assessed is a bond for costs. It is indisputable that LSA-R.S. 13:3050 prohibits the action complained of. While we sympathize with the Court’s financial problems, such sympathies cannot prevail over express statutory law. Our law resolves the competing concerns in favor of greater accessability to our courts with the accompanying fundamental right to jury trials. Rule XIII(D) is contrary to LSA-R.S. 13:3050 and therefore, does not fall within the grant of authority cited in the opposition.
Rule XIII(D) as amended is contradictory in that it states the charge is “non-refundable but will be assessed as cost of court”. However, LSA-R.S. 13:843.1 states that a refund of court costs must be made of any unused balance remaining to the credit of the particular suit within a certain time period after termination of a civil suit. The jury bond cannot be called a non-refundable cost of court because the statute provides that court costs are refundable when certain conditions are met.
For the reasons set forth above it is hereby ORDERED, ADJUDGED AND DECREED that relator’s writ is granted and made peremptory.
WRIT GRANTED AND MADE PEREMPTORY.
It is hereby ordered, for the reasons herein stated, that applicant’s cost paid under protest, in the sum of $250.00, be refunded and the Local Rule XIII(D), of the Ninth Judicial District Court, as amended, is herein found to be invalid and unenforceable as being contrary to LSA-R.S. 13:3050.